J.T. JACKSON *v.* ARKANSAS POWER & LIGHT COMPANY

92-511                                    832 S.W.2d 224

Supreme Court of Arkansas
Opinion delivered June 8, 1992

*John Purtle*, for appellant.

*Jim L. Julian*, for appellee.

PER CURIAM. On December 4, 1991, the Jefferson County Chancery Court entered judgment against the appellant, J.T. Jackson, and found that Jackson had failed to prove that the road in question was a public road. On January 2, 1992, Jackson filed a Motion to Vacate Judgment "because it is contrary to the facts, the law, public policy and is clearly contrary to the preponderance of the evidence." In his motion, Jackson reargued the evidence and testimony and cited case law on prescriptive use and the establishment of public roads. On January 15, 1992, the appellee, Arkansas Power and Light Company, argued in response that Jackson's motion was, in fact, a motion for a new trial under Ark. R. Civ. P. 59 and was untimely. AP&L further contended that Jackson failed to argue that the chancellor's judgment contained clerical errors or omissions or that it was obtained by fraud or that, through excusable neglect, Jackson had failed to offer newly discovered evidence at trial, all of which are grounds for relief under Ark. R. Civ. P. 60. Jackson replied that his motion was one "to prevent a miscarriage of justice" under Rule 60(b).

The chancellor did not rule on Jackson's motion to vacate, and on February 6, 1992, Jackson filed a notice of appeal. AP&L moved to dismiss the appeal on May 15, 1992, on the basis that the appeal was untimely.

We agree that the appeal must be dismissed. Jackson's motion to vacate was couched in terms of a Rule 59 motion for a new trial. Rule 59(a)(6) provides for a new trial where "the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law." That ground precisely covers Jackson's argument and approximates the basis for relief set out in Jackson's own motion, as quoted above.

Nor can we agree with Jackson that his motion to vacate is, in reality, a Rule 60 motion to prevent a miscarriage of justice. Were we to interpret the term "miscarriage of justice" expansively to embrace all grounds under Rule 59, Rule 59 would have

no independent meaning. As we said in *Phillips* v. *Jacobs*, 305 Ark. 365, 368, 807 S.W.2d 923, 925 (1991): ". . . Rule 60 under our Arkansas Rules should not be used to breathe life into an otherwise defunct Rule 59 motion."

Because Jackson's motion to vacate was in the nature of a motion for a new trial under Rule 59, it was required to be filed within ten days of judgment. *See* Ark. R. Civ. P. 59(b). This was not done. Since the motion to vacate did not extend the time for filing a notice of appeal under Ark. R. App. P. 4(b), the notice of appeal was required to be filed within thirty days of judgment. This also was not done. AP&L's motion, accordingly, has merit and the appeal is dismissed.