UNITED SOUTHERN ASSURANCE COMPANY
*v.* Harold BEARD

94-862                                                894 S.W.2d 948

Supreme Court of Arkansas
Opinion delivered March 27, 1995
[Rehearing denied May 1, 1995.]

*Atchley, Russel, Waldrop & Hlavinka*, by: *Alan Harrel*, for appellant.

*Pilkinton, Pilkinton & Yocom*, by: *Tony Yocom*, for appellee.

TOM GLAZE, Justice. Appellee Harold Beard owned a Freight-liner tractor-trailer which was being driven by his employee, Mary Sodorff, when a multiple collision occurred on Interstate 20 near Roscoe, Texas on September 5, 1991. Beard was in the sleeper of the cab at the time. Sodorff apparently lost control of the tractor-trailer, skidded sideways and collided with a guardrail and bridge support and came to rest at a right angle to the highway. Then another tractor-trailer struck Beard's trailer, separating it from Beard's tractor-trailer. Finally, an automobile collided with the Beard trailer. As a result of the collisions, Sodorff was killed, and Beard sustained serious multiple fractures to his lumbar spine.

Beard had no workers' compensation coverage, but he had a trucker's insurance policy issued by appellant United Southern Assurance Company. Southern rejected Beard's claim under the policy, so Beard and his wife filed suit against Sodorff's estate, alleging Sodorff's negligence caused Beard's injuries. Charles M. Walker, attorney for Sodorff's estate, answered, denying liability based upon the fellow servant and joint venture doctrines.[1]

The parties agreed to try the suit to the court, which was done on January 26, 1994. In opening statement, Walker explained to the court that, by letter dated April 21, 1993, he had contacted Southern and its attorney, Albert Graves, Jr., and demanded they assume defense of the lawsuit. Walker told the trial court that, while Beard had obtained the Southern policy on his vehicle and Beard was an insured, the policy had an omnibus insurance clause allowing coverage for an employee as an additional insured.

---

[1]Walker also raised workers' compensation as being Beard's exclusive remedy.

Because Walker believed Beard could be a claimant under Southern's policy, he said that he made further inquiry of Southern on June 21, 1993 and July 15, 1993, concerning whether Southern intended to defend under a reservation of rights or assumption of liability against Beard's suit, but Walker received no response.

After his comments regarding Southern, Walker then told the court that he had investigated the accident and had no evidence to present. He indicated he would have attempted to settle the Beards' claim, but Sodorff's estate had only $25,000. The Beards then put on their case, and Walker defended by cross-examining the Beards' witnesses. The trial court awarded Beard judgment against Sodorff's estate in the amount of $1.2 million, and Beard's wife was awarded $100,000.

On March 31, 1994, more than 60 days after judgment was entered in the Beards' behalf, Southern moved to intervene so it could move for relief of judgment under ARCP Rule 60(b). Southern asserted its grounds for vacating the judgment were to prevent the miscarriage of justice and related the following reasons:

(1) Southern, through its counsel, Mr. Graves, Jr., employed Walker to represent Sodorff's estate;

(2) Walker stated Southern had coverage under its liability policy when it had denied liability and if Beard recovered, Beard and Sodorff's estate would try to collect judgment against Southern;

(3) Sodorff's estate presented no evidence in defense of the Beards' claims;

(4) Walker offered no evidence at trial;

(5) Walker breached his duty to Southern (and the estate) by injecting insurance matters into the trial and failing to object to the admissibility of certain reports;

(6) Walker failed to request findings of fact or conclusions of law, move for a new trial or file a notice of appeal;

(7) Counsel for the Beards and the estate failed to notify Southern of the January 26, 1994 judgment until March 1, 1994 —after time had expired for filing a motion for new trial or a notice of appeal;

(8) Walker did not require the Beards to specify amount of damages sought before their case was submitted to the trial court;

(9) No justiciable controversy existed between the Beards and Sodorff's estate;

(10) Defenses existed that were not raised in behalf of the estate.

Counsel for both the Beards and the estate responded to Southern's motions and generally denied Southern's grounds for setting aside the January 26 judgment, stating that Southern had been notified of the Beards' suit and its trial setting, but still failed to provide a defense. Specifically, Walker denied that Southern had hired him to represent Sodorff's estate. Instead, Walker stated that the estate had money with which to pay him as counsel.

The trial court granted Southern's request to intervene and held a hearing regarding whether Southern should be granted relief from the January 26, 1994 judgment. After hearing the testimony of Albert Graves, Jr., Charles Walker and argument of counsel, the trial court denied Southern relief from the judgment. Southern appeals from that ruling.

■■ The trial court's ruling was correct. As previously mentioned, Southern intervened in the Beards' lawsuit after it was tried by the trial court, and attempted to gain relief from the Beards' judgment by filing a Rule 60(b) motion. Under Rule 60(b), a party may move to correct any error or mistake or to prevent the miscarriage of justice by requesting the trial court to set aside its decree or order within ninety days of its having been filed. This court has narrowly interpreted Rule 60(b) to apply only to those situations provided in Rule 60(a), namely, to correct clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight or omissions. *See Pugh* v. *St. Paul Fire & Marine Ins. Co.*, 317 Ark. 304, 877 S.W.2d 577 (1994); *Ingram* v. *Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993); *Jackson* v. *Arkansas Power & Light*, 309 Ark. 572, 832 S.W.2d 224 (1992); *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991). Here, Southern failed to assert in its Rule 60(b) motion a clerical mistake, error or omission referred to in Rule 60(a), and for that reason alone, Southern's motion should have been denied by the trial court. *Cf. Pugh*, 317 Ark. at 308, 877 S.W.2d at 579.

Southern's motion and grounds set out therein might have been proper if timely filed as a request for new trial under ARCP Rule 59(a), but such a new trial motion must be filed no later than ten days after entry of judgment. Here, Southern did not file its motion or take any action until more than sixty days after entry of the Beards' judgment. Our court has clearly stated that Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion. *Jackson*, 309 Ark. 574, 832 S.W.2d 224; *Phillips*, 305 Ark. 365, 807 S.W.2d 923.

Southern argues that it never learned of the Beards' judgment until after the time had expired for filing a new trial motion. That apparently is true. However, it is also true that, after rejecting the Beards' claim, Southern was well aware that the Beards had filed their lawsuit against Sodorff's estate. In addition, the estate's attorney not only made several requests of Southern to assume the defense of the Beards' suit, but also he notified Southern of the trial date. Southern simply failed to respond to the estate's requests or notices. This court has emphasized that it is the duty of a litigant to keep himself informed of the progress of his case. *Midwest Timber Products Co., Inc.* v. *Self*, 230 Ark. 872, 327 S.W.2d 730 (1959); *see also RLI Ins. Co.* v. *Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991) (Glaze, J. concurring). Here, Southern had ample notice and opportunity to have raised and litigated the issues at the trial below or in a timely motion for new trial rather than inappropriately trying to assert such matters in a Rule 60(b) motion. For whatever reasons, Southern failed to take action in an appropriate and timely fashion.

In conclusion, Southern recognizes this court's decision in *Phillips* where the court first narrowly interpreted Rule 60(b) to apply only to correct clerical mistakes, but it suggests our *Coe* decision, decided two months later, offers an exception under which Southern's Rule 60(b) motion could and should be considered. We disagree. While Rule 60(b) is mentioned in *Coe*, it was not argued in the context of what such a motion should cover and how it related to Rule 59(a). In addition, the RLI insurance company there filed both a new trial motion and a motion for relief from judgment, neither of which was granted. We fail to see how *Coe* helps Southern, nor can we conclude *Coe* in any way diminished the court's ruling in *Phillips* and its progeny.

Because Southern's other points for reversal depend upon its prevailing on its Rule 60(b) argument, we need not reach those additional arguments. Therefore, for the reasons above, we affirm the trial court's decision.