Nobia BENEDICT *v.* NATIONAL BANK OF COMMERCE

96-1339                                          951 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*Depper Law Firm,* by: *Robert L. Depper, Jr.* and *Robin J. Carroll,* for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *William I. Prewett,* for appellee.

Tom Glaze, Justice. Appellant Nobia Benedict brought this lawsuit against National Bank of Commerce after her house and lot, including a pin oak tree, sustained damages as a result of fire. Benedict's house and lot adjoined the Bank's property, which contained a dilapidated structure. The Bank gave written permission to the El Dorado Fire Department to conduct a "controlled burn" of the structure on its property, and the department agreed to burn the structure as a training exercise.[1] Although the department established a "water curtain" between Benedict's and the Bank's adjoining properties, Benedict's house sustained damages to one of her windows, to some melted shingles on its roof, and she also suffered loss of an oak tree and some other vegetation.

Because Benedict concluded that she could not successfully sue the City of El Dorado for its fire department's negligence, she brought her action solely against the Bank, alleging absolute liability on the Bank's part, asserting the Bank had engaged in ultrahazardous activity by "ordering the burning." The parties' respective cases were tried to the court, and the court issued a letter opinion, holding in the Bank's favor and dismissing Benedict's complaint with prejudice. On appeal, Benedict contends the trial court erred in refusing to hold that the Bank's use of fire was a hazardous activity for which the Bank bore absolute liability. However, we are unable to address the merits of Benedict's argument because Benedict failed to file a timely notice of appeal.

We first note that the trial court issued its letter opinion on June 27, 1996, and filed it on June 28, 1996. Before the trial court entered its order dismissing Benedict's complaint, Benedict filed on July 3, 1996 a pleading captioned "Petition for Rehearing." Without ruling on Benedict's "Petition," the trial court entered its order on July 11, 1996, and Benedict delayed in filing her notice of appeal until August 15, 1996 — outside the thirty-day period required for filing a notice of appeal under Ark. R. App. P. 4(a).

---

[1] The Bank's property had been listed for sale, and the real estate broker handling the Bank's property determined the property would sell better without the structure. Thus, the broker made arrangements with the El Dorado Fire Department to burn the structure.

■ Benedict argues that, under Ark. R. App. P. 4(b), her time of appeal was extended because she had filed a petition for rehearing which in substance was a motion for new trial as provided in Rule 59 of the Arkansas Rules of Civil Procedure.[2] The Civil Appellate Rule 4(b) provides that a motion for new trial under ARCP Rule 59(b) may extend the time for filing a notice of appeal if such a timely motion is filed in trial court, and provision (c) of Civil Appellate Rule 4 further provides the time for appeal shall run from the entry of the order granting or denying a new trial. If the trial court neither grants nor denies the new-trial motion within thirty days of its filing, the motion will be deemed denied as of the thirtieth day, and the moving party then must file a notice of appeal within thirty days from when the parties' motion was deemed denied. *See* Ark. R. App. P. 4(c).

■ Even if we were to agree with Benedict that her "Petition for Rehearing" was in essence a new-trial motion and, as such, could possibly extend her time for filing a notice of appeal, Benedict failed to file such a motion no later than ten days *after* the entry of judgment as is required by ARCP Rule 59(b).[3] *See Webster v. State*, 320 Ark. 393, 896 S.W.2d 890 (1995) (where party filed motion for new trial before the judgment was entered, court held motion was untimely and ineffective under ARCP Rule 59 and Ark. R. App. P. 4(b)); *Guinn v. State*, 323 Ark. 612, 917 S.W.2d 529 (1996) (court held that to be effective, a motion for new trial under ARCP Rule 59 must be filed within ten days after the entry of the judgment); *see also Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992).

■ Here, Benedict failed to file her motion within the ten-day period provided in ARCP Rule 59(b), so it was ineffective. Consequently, her motion failed to extend her time to file a notice of appeal. In these circumstances, Benedict was required to

---

[2] We need not decide whether Benedict's "Petition for Rehearing" should be considered a motion for new trial for Rule 59(a) purposes, because, even assuming it is a new-trial motion, it was filed untimely, was therefore ineffective, and failed to extend her time for filing a notice of appeal.

[3] The Reporter's Note to Rule 59 underscores Section (b) and marks a significant departure from Arkansas practice, stating that, under this section, a motion for new trial must be filed within ten days after the entry or filing of the judgment.

file her notice of appeal thirty days after entry of the trial court's July 11, 1996 order, and having failed to do so, we must dismiss her appeal as untimely.