Patricia OSBURN *v.* Bryan BUSBEE
d/b/a Busbee Construction

99-1097                                                4 S.W.3d 127

Supreme Court of Arkansas
Opinion delivered November 18, 1999

*Charles R. Chadwick,* for appellant.

No response.

PER CURIAM. Appellant Patricia Osburn seeks reconsideration of the dismissal order of her appeal which was entered on October 14, 1999, granting a Motion to Dismiss filed by Appellee Bryan Busbee, d/b/a Busbee Construction ("Busbee"). Busbee's Motion to Dismiss stated that Osburn's failure to include language in her Notice of Appeal and Designation of Record that she had made financial arrangements with the court reporter for payment of the record required dismissal. This court dismissed Osburn's appeal, but on different grounds. We dismissed the appeal for lack of jurisdiction because Osburn filed her Notice of Appeal untimely.

Osburn argues in this Motion to Reconsider that the court erred in calculating the time for filing her Notice of Appeal pursuant to Ark. R. Civ. P. 5(c)(2) and 6(a). She also contends that July 7, 1999, rather than July 8, 1999, should have been the filing date of the Notice of Appeal because it was filed by fax before

midnight on July 7, 1999. Appellant's motion is denied as it remains untimely filed under Rule 5(c)(2).

Osburn states in her motion that her appeal originates from a Washington County Circuit Court matter in which that court ruled that Busbee was entitled to a judgment and lien against Osburn for repairs made to certain properties Osburn owned. The trial court entered its order on June 22, 1999, and Osburn filed a Motion for Amended Judgment or for New Trial in a pleading file-marked July 8, 1999. The trial court denied this motion in an order entered August 3, 1999. Appellant then filed her Notice of Appeal and Designation of Record on August 19, 1999.

Appellant filed her Motion for Amendment of Judgment or for New Trial pursuant to Ark. R. Civ. P. 52 and 59 respectively. Rule 52 and Rule 59 require that these motions be filed within ten days after the entry of the judgment in order for the court to consider them and to toll the thirty-day time limit for filing a Notice of Appeal. *See Benedict v. National Bank of Commerce*, 329 Ark. 590, 951 S.W.2d 562 (1997). Here, Osburn filed her motion by facsimile which indicates that it was sent at 11:56 p.m. on July 7, 1999, but file-marked on July 8, 1999. Under the time computation guidelines in Rule 6(a), filing on July 7 would have been timely, but filing on July 8 was not. Osburn argues in her brief in support of her motion that her facsimile filing was timely pursuant to Rule 5(c)(2) which Osburn quotes as stating:

> A facsimile copy shall be deemed received when it is transmitted and received on the clerk's facsimile machine without regard to the hours of operation of the clerks' office. The date and time printed by the clerk's facsimile machine on the transmitted copy shall be prima facie evidence of the date and time of the filing.

However, the rule has been changed. This court's per curiam order entered on January 28, 1999, altered the language in Rule 5(c)(2) to read as follows:

> Rule 5 is further amended by revising paragraph (2) of subdivision (c) to read as follows:
>
> (2) If the clerk's office has a facsimile machine, the clerk shall accept facsimile transmissions of any paper filed under appearing on a facsimile copy shall be presumed authentic until proven otherwise. The clerk shall stamp or otherwise mark a facsimile copy as

filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office *or, if received outside those hours, at the time the office opens on the next business day.* (Emphasis added.)

*In Re: Arkansas Rules of Civil Procedure,* 336 Ark. 588 (1999). The commentary following the amended rule notes that this rule was changed because "the date and time are printed by the sender's facsimile machine, not the clerk's." As such, Osburn's faxed Notice of Appeal, which was received by the clerk outside regular office hours on July 7, 1999, was not filed with the court until July 8, 1999. It, therefore, was beyond the deadline for filing a Notice of Appeal. Appellant's motion to reconsider is denied.