2009 Ark. App. 829

**Jesse STICKELS, Appellant,**

**v.**

**Josh HECKEL and Jessica Heckel, Appellees.**

**No. CA 09–30.**

Court of Appeals of Arkansas.

Dec. 9, 2009.

Tripcony Law Firm, P.A., by: James L. Tripcony, Little Rock, for appellant.

The Farrar Firm, LLC, by: Michelle Strause, Hot Springs, for appellees.

M. MICHAEL KINARD, Judge.

This is an appeal from the circuit court's grant of a petition for adoption by the minor child's stepfather, Josh Heckel. Appellant, Jesse Stickels, is the biological father of the minor and did not consent to the adoption. Appellant asserts the following points for reversal: (1) the trial court erred in granting the appellees' motion under Arkansas Rule of Civil Procedure 60 to set aside its order denying the adoption petition, (2) the trial court erred in granting the appellees' adoption petition without appellant's consent, and (3) the trial court erred in denying appellant's motion for contempt. We find merit in appellant's first point and therefore reverse the order granting the adoption petition.

Appellant and appellee Jessica Heckel were divorced by decree entered May 23, 2003. There was one child, J.S., born of the marriage on September 12, 2001. Pursuant to the parties' child-custody and property-settlement agreement, which was incorporated by reference into the divorce decree, Jessica was to have custody of the minor child, with appellant receiving visitation. For two years following the entry of

the divorce decree, visitation was to be in Garland County, not to exceed seven consecutive days per visitation, and with appellant giving Jessica at least thirty days' notice of his proposed visitation dates and times (which were subject to her approval). After two years, the parties were ordered to alternate major holiday visitation and appellant was to have two consecutive weeks of visitation in the summer. Appellant was ordered to pay monthly child support of $350 through the Registry of the Garland County Circuit Court. He was also ordered to reimburse Jessica for one-half of the insurance premiums for the minor child. The parties were ordered to be equally responsible for all medical expenses not paid by medical insurance.

Jessica Heckel married appellee Josh Heckel on December 27, 2003. They filed a petition for adoption of J.S. on December 19, 2006.[1] In the petition for adoption, they alleged that appellant had "lost his right to consent to the proposed adoption in as much as he has failed significantly without justification cause [sic], to communicate with the child for a period of almost twenty (20) months or to provide for her care." Appellees asked that appellant's parental rights be terminated pursuant to Arkansas Code Annotated section 9–9–220(c)(3)(i) and/or section 9–9–220(c)(3). Appellant filed a response to the petition for adoption and denied the allegations regarding failure to maintain contact or to provide for the minor child's care.

In a January 28, 2008 order, the circuit court denied appellees' petition for adoption. The court stated that, while Josh "is a good person, able to parent, and has a strong bond with the child," the child's biological father (appellant) had not consented to the adoption. Citing Arkansas Code Annotated section 9–9–220(c)(1) and (c)(2), the court found that Jessica was not permitted to proceed with the adoption because appellant met the statutory rehabilitation requirements, "in part, by bringing his support payments substantially into compliance and by effectively being prevented from establishing a relationship." Therefore, the petition for adoption was denied.

Appellees filed a motion for relief from judgment or for reconsideration on February 28, 2008, and an amended motion for relief from judgment on March 19, 2008. In the amended motion, appellees contended that one of the factual findings in the court's order—that appellant had met the statutory-rehabilitation requirements by bringing his support payments substantially into compliance, making adoption without his consent impossible—was "incorrect and wholly against the facts set out at the hearing." The motion went on to assert that, following the filing of the petition for adoption, appellant paid only $500 during the next three months, allegedly bringing him from being $2350 behind in payments to being $3350 behind. Pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure, appellees requested that the court vacate its previous order and grant the adoption. On April 15, 2008, the court entered an order vacating its previous order "pending a hearing on the fact allegation raised being that the Court erred in its conclusion that Respondent [appellant] in this case had rehabilitated pursuant to Ark.Code Ann. § 9–9–220(c)(1)(C) and that the error constitute[s] a miscarriage of justice." According to the court's docket, additional evidence was submitted in the form of the results of appellant's drug test,

---

1. The case was filed in the probate division of Garland County Circuit Court and styled "In the Matter of the Adoption of [J.] Heckel, a minor." The domestic relations case and the probate case were subsequently consolidated.

and an additional hearing was held June 17, 2008.

On August 7, 2008, the circuit court granted appellees' petition for adoption, finding as follows: appellant failed to make substantial payment toward the child-support arrearage as contemplated in § 9–9–220(c)(1)(C) inasmuch as he paid the total sum of $500 in support during the three months following being notified of the petition to adopt; that appellant was in arrears in the payment of this support when notified of the petitioners' intent to adopt on January 4, 2007, by service of the petition. The court specifically reversed its earlier finding that appellant had brought support substantially into compliance. The court found that appellant was in fact accruing an additional arrearage after the filing of the petition and that the single $500 payment made after it had been filed would first go to current support owed, and only excess or additional payments would apply to the arrears. The court granted the petition for adoption. Appellant filed a motion for a new trial, which was denied. Appellant filed a notice of appeal on October 17, 2008.

Regarding his first point, appellant argues that granting appellees' motion under Rule 60 of the Arkansas Rules of Civil Procedure was prejudicial error. Rule 60(a) provides as follows:

> (a) Ninety–Day Limitation. To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

Here, the circuit court granted appellees' motion under Rule 60(a) based on an erroneous finding of fact in its original order. As explained below, this was error.

Rule 59 of the Arkansas Rules of Civil Procedure provides that a new trial must be made by motion filed no later than ten days after entry of the judgment or order. One ground upon which a new trial may be granted is that the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law. Ark. R. Civ. P. 59(a)(6). The time for filing a motion for a new trial under Rule 59 is not later than ten days after the entry of the judgment. Ark. R. Civ. P. 59(b). Our supreme court has stated that motions should be liberally construed, and that courts should not be blinded by titles but should look to the substance of motions to ascertain what they seek. *Slaton v. Slaton,* 330 Ark. 287, 293, 956 S.W.2d 150, 153 (1997). We believe that a Rule 59 motion for a new trial—not a motion under Rule 60—is the relief appellees were seeking in this case. Appellees' failure to file their motion within ten days means that the trial court was without jurisdiction to enter the subsequent order.

Our supreme court has clearly stated that "Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion." *United S. Assur. Co. v. Beard,* 320 Ark. 115, 119, 894 S.W.2d 948, 950 (1995). In *Jackson v. Arkansas Power & Light Co.,* 309 Ark. 572, 832 S.W.2d 224 (1992), our supreme court held that the appeal was untimely because the appellant's "Motion to Vacate Judgment" was in the nature of a motion for a new trial under Rule 59, not a motion "to prevent a miscarriage of justice" under Rule 60, and it was not filed within ten days. The motion at issue in that case reargued the evidence and stated that the judgment should be vacated "because it is contrary to the facts, the law, public policy and is clearly contrary to the preponderance of the evidence." The appellate court wrote:

Nor can we agree with Jackson that his motion to vacate is, in reality, a Rule 60 motion to prevent a miscarriage of justice. Were we to interpret the term "miscarriage of justice" expansively to embrace all grounds under Rule 59, Rule 59 would have no independent meaning.

*Id.* at 573–74, 832 S.W.2d at 225.

■ Appellees contend that the circuit court properly corrected a mistake in the original order to prevent a miscarriage of justice. They cite *Shipp v. Shipp,* 94 Ark. App. 351, 230 S.W.3d 305 (2006), for the proposition that "[a] trial court is not permitted to change an order to provide something that in retrospect should have been done but was not done." Appellees attempt to distinguish their case by arguing that the circuit court in this case did not add or change anything in the terms of his order—"he simply saw an error in his findings of fact (which affected his conclusions of law) and corrected it in order to prevent a miscarriage of justice." Such a conclusion tends to rationalize appellees' argument without evidentiary foundation. Appellees further state that there was no need for a new trial or hearing in this case; thus, Rule 59 relief was not appropriate. However, the fact that the hearing had been conducted and all the evidence necessary to render a ruling was present in the record is of no consequence. Even a Rule 59(a)(6) motion for a new trial cannot be used to bring into the record that which does not otherwise appear in the record. *Slaton,* 330 Ark. at 294, 956 S.W.2d at 154.

We disagree that this case falls under Rule 60. Because the appellees' motion for reconsideration was in fact a motion for a new trial under Rule 59, the motion was not timely because it was not filed within ten days of the entry of the order denying the adoption petition. Therefore, the circuit court was without jurisdiction to enter the August 2008 order granting the adoption petition and that order is reversed.

Appellant's second point is that the trial court erred in granting the appellees' adoption petition without his consent. Because we reverse the grant of the adoption petition on the grounds set out above, we need not address appellant's second point.

■ Appellant's third point is that the circuit court erred in denying his motion for contempt when evidence of denial of appellant's numerous requests for visitation in knowing violation of the trial court's visitation order was not only uncontroverted, but also, in fact, admitted by appellee Jessica Heckel. The contempt finding is contained in the January 2008 order, which was not appealed from within the applicable thirty-day period. Ark. R.App. P.-Civ. 4(a); *Holifield v. Mullenax Fin. & Tax Advisory Group, Inc.,* 2009 Ark. App. 280, 307 S.W.3d 608 (pointing out that a finding of contempt is generally a final, appealable order). Therefore, we are without jurisdiction to consider appellant's argument regarding the contempt finding.

Reversed.

VAUGHT, C.J., and HART, J., agree.