

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–191

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 23, 2013 |
| HASSAN BASHIRI | | APPEAL FROM THE VAN BUREN |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 71CV-12-161-2] |
| V. | | |
| | | HONORABLE MICHAEL A. |
| | | MAGGIO, JUDGE |
| JUSTIN FRANKIAN | | |
| | APPELLEE | REVERSED AND REMANDED |

### ROBIN F. WYNNE, Judge

Dr. Hassan Bashiri appeals from an order of the circuit court denying his motion to set aside a prior order granting Justin Frankian's motion for summary judgment. Dr. Bashiri makes the following arguments on appeal: (1) the circuit court erred in granting Frankian's motion for summary judgment on the same day that it was filed; (2) the circuit court erred in ruling that Arkansas Rule of Civil Procedure 55(c) did not apply to Dr. Bashiri's motion to set aside the judgment; and (3) the circuit court erred in sustaining Frankian's objection to Dr. Bashiri's testimony regarding the merits of the action. We find merit in Dr. Bashiri's arguments and reverse and remand the order of the circuit court.

This litigation arose out of a dispute over a loan. As a result of the dispute, Dr. Bashiri filed a complaint against Frankian in Los Angeles, California, and Frankian filed suit against Dr. Bashiri in Van Buren County, Arkansas. In his complaint, Frankian alleged that he had

SLIP OPINION

loaned Dr. Bashiri $50,000 and asserted that he was entitled to a judgment in the amount of the loan plus interest and costs. Both complaints were served upon the respective defendants. It is undisputed that Dr. Bashiri did not answer the Arkansas complaint within the time prescribed by Arkansas law.

On October 19, 2012, Dr. Bashiri's complaint in California was dismissed for nonpayment of filing fees. Frankian's Arkansas counsel filed a motion for summary judgment at 9:00 a.m. on October 29, 2012. In the motion, Frankian asserted that there was no material issue of fact in dispute because Dr. Bashiri did not respond to the complaint. The circuit court entered an order granting the motion for summary judgment at 10:53 a.m. on October 29, 2012. A writ of garnishment was subsequently entered against Dr. Bashiri.

Dr. Bashiri filed a motion to set aside the summary-judgment order, which he referred to as a default order, and quash the writ of garnishment. In the motion, Dr. Bashiri argued that the previous order should be set aside pursuant to Arkansas Rule of Civil Procedure 55(c) because it was entered as a result of fraud or mistake on the part of Frankian. Alternatively, Dr. Bashiri argued that he had a meritorious defense to the action in that California was the more convenient forum. At the hearing on the motion to set aside, Dr. Bashiri's counsel argued that he was not served with the summary-judgment motion and had no opportunity to respond. On December 6, 2012, the circuit court entered an order in which it denied Dr. Bashiri's motion to set aside the earlier order and quash the writ of garnishment. This appeal followed.

Our supreme court has stated that motions should be liberally construed, and that courts should not be blinded by titles but should look to the substance of motions to ascertain what they seek. *Stickels v. Heckel*, 2009 Ark. App. 829, 370 S.W.3d 857, 860. The motion filed by Frankian, while titled a summary-judgment motion, was clearly a motion for default judgment, as the motion was based entirely on the failure of Dr. Bashiri to answer Frankian's complaint. The circuit court, however, treated the motion as one for summary judgment and entered an order that makes no mention of Dr. Bashiri's failure to file an answer.[1] In the order denying the motion to set aside, the circuit court stated the following: "The facts of this case do not warrant the application of Ark. R. Civ. P. 55(c)." While we are not considering the merits of the motion to set aside in this appeal, Rule 55(c) should be used in determining whether to grant the motion, because the order requested to be set aside was filed as a result of a motion for default. It does not appear from its order that the circuit court properly considered Frankian's motion as one for default, nor was Dr. Bashiri's motion treated as one to set aside a default judgment. Thus, the order of the circuit court is reversed, and the case is remanded to the circuit court for it to have a hearing on the motion to set aside the default judgment and determine whether the judgment should be set aside using the proper standard.

Reversed and remanded.
GLOVER and VAUGHT, JJ., agree.
*Tester Law Firm*, by: *Chad J. Brown*, for appellant.
*Raymond Harrill*, for appellee.

---

[1]We note that the opposing party has twenty-one days to respond to a motion for summary judgment. Ark. R. Civ. P. 56(c). While a circuit court has discretion to reduce or enlarge the time for a response to the motion upon a showing of good cause, *id.*, no finding of good cause to do so in this case was made by the circuit court.