# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-235

| | |
|---|---|
| BRITTANY WALDEN<br>APPELLANT | **OPINION DELIVERED:** November 30, 2016 |
| V. | APPEAL FROM THE MONTGOMERY COUNTY CIRCUIT COURT<br>[NO. 49-DR-15-4] |
| JACOB EDWARD JACKSON<br>APPELLEE | HONORABLE JERRY RYAN, JUDGE |
| | REVERSED AND DISMISSED |

## WAYMOND M. BROWN, Judge

This is a one-brief appeal from the circuit court's December 15, 2015 order in which it modified its July 8, 2015 order changing the surname of H.R.W., born 11/11/14, to that of appellee's and denying an award of retroactive child support to appellant. On appeal, appellant argues that the circuit court (1) erred when it determined that it was in H.R.W.'s best interest to change his surname and (2) erroneously shifted the burden of proof to appellant in conducting its analysis of the *Huffman* factors.[1] We reverse and dismiss.

Appellee filed a petition to establish paternity and other relief on January 12, 2015, requesting a paternity test to determine if he was H.R.W.'s natural father, and in the case of a positive test result, seeking a decree from the circuit court declaring the same and changing H.R.W.'s surname on his birth certificate to appellee's surname. Appellant responded on February 5, 2015, denying all allegations and requests by appellee and

---

[1] *Huffman v. Fisher*, 337 Ark. 58, 987 S.W.2d 269 (1999).

counterclaimed for items that are not pertinent to this appeal. Appellee answered appellant's

counterclaim on February 19, 2015.

The circuit court entered its order for a paternity test on March 10, 2015. Appellee

filed a notice of paternity test results positively identifying appellee as the father of H.R.W.

on May 26, 2015. The circuit court entered a paternity order on July 8, 2015, finding

appellee to be the father of H.R.W. based on the paternity results, denying retroactive child

support, and changing H.R.W.'s surname to appellee's surname. On July 30, 2015, appellant

filed a notice of appeal from the circuit court's July 8, 2015 paternity order in which she

stated the following:

> This notice is filed as a precaution in the event that the July 8, 2015 Paternity Order is deemed a final order subject to appeal, although Walden's position is that it is not final and not subject to appeal because issues remain to be resolved concerning the Court's decision (a) to change the minor child's surname and (b) to deny retroactive child support, as set forth in Walden's Motion to Alter or Amend Paternity Order and to Modify or Vacate Findings of Fact, and Brief in Support thereof, which is currently pending. Walden does not abandon those pending issues or the pending motion, but upon entry of a final order that is subject to appeal, then Walden abandons any pending but unresolved claims pursuant to Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure—Civil, to the extent she can abandon a claim as a party defendant.

For an order to be final, it must dismiss the parties from the court, discharge them

from the action, or conclude their rights to the subject matter in controversy.[2] The issues

that appellant noted as being unresolved in her notice of appeal were expressly addressed by

the circuit court when it changed H.R.W.'s surname and denied retroactive child support.

The same were not in issue until appellant filed her motion to alter or amend the paternity

---

[2] *Allen v. Allen*, 99 Ark. App. 292, 296, 259 S.W.3d 480, 484 (2007) (citing *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000)).

order and to modify or vacate findings of fact and brief in support on July 31, 2015. However, she filed her motion one day after filing her notice of appeal. Accordingly, contrary to appellant's assertion, the July 8, 2015 paternity order was a final order, and appellant's appeal was timely.[3]

Decisions rendered by courts of equity are reviewed de novo on appeal and are not reversed unless we find that the trial judge's decision is clearly erroneous.[4]

As previously stated, appellant filed her motion to alter or amend the paternity order and to modify or vacate findings of fact and brief in support on July 31, 2015. Appellee answered on August 13, 2015. Appellee then filed a motion to dismiss appellant's motion and brief in support on August 31, 2015. Appellant filed an amended response to appellee's motion to dismiss and brief in support on September 17, 2015. On September 29, 2015, the circuit court entered an order noticing the parties that a hearing on the matter had been set for October 20, 2015. Following the hearing on October 20, 2015, the circuit court entered a letter opinion outlining its application of the *Huffman* factors to its finding that changing H.R.W.'s surname to that of appellee was in H.R.W.'s best interest and vacating its previous denial of retroactive child support, thereby awarding the same. It entered an order generally stating the same on December 15, 2015.

---

[3] Because the July 8, 2015 paternity order was final, and for reasons addressed in this opinion, we do not address appellant's amended notice of appeal of the circuit court's December 15, 2015 order.

[4] *Abbott v. Abbott*, 79 Ark. App. 413, 420, 90 S.W.3d 10, 15 (2002) (citing *Narup v. Narup*, 75 Ark. App. 217, 57 S.W.3d 224 (2001)).

SLIP OPINION

Arkansas Rule of Civil Procedure 60(a) states that a circuit court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk to correct errors or mistakes or to prevent the miscarriage of justice.[5] Arkansas Rule of Civil Procedure 60(b) and (c) give a list of exceptions to the ninety-day-limit rule that do not apply in this matter.[6] After that ninety-day period, the court loses jurisdiction to modify or vacate the decree.[7] Where the circuit court's December 15, 2015 order was entered 170 days after entry of its July 8, 2015 paternity order, far exceeding the ninety-day limitation, it lacked jurisdiction to modify the same. Accordingly, we dismiss.

Reversed and dismissed.

ABRAMSON, J., agrees.

VAUGHT, J., concurs.

**LARRY D. VAUGHT, Judge, concurring.** I agree that the appeal of Brittany Walden should be reversed and dismissed, but I reach that conclusion by a different route from the majority. As set out in the majority opinion, Walden filed a motion on July 31, 2015, asking the court to alter or amend the paternity order or to modify or vacate the findings of fact as set forth in its July 8, 2015 order. In her motion, she argued that (1) the court failed to apply the required *Huffman* factors and failed to conclude that a name change would be in the child's

---

[5] (2015).

[6] *See* Ark. R. Civ. P. 60(b) & (c).

[7] *Lowder v. Gregory*, 2014 Ark. App. 704, at 9, 451 S.W.3d 220, 226 (citing *Stuart v. Stuart*, 2012 Ark. App. 458, 422 S.W.3d 147).

best interest, and (2) the court erred in declining to award retroactive child support. Walden alleged her motion was pursuant to Rule 60 to prevent a miscarriage of justice.

The trial court accepted the motion as a Rule 60 motion and, after "reserving jurisdiction" to rule outside of the ninety-day limit, granted the motion, held two subsequent hearings, and changed its conclusions in an order entered December 15, 2015. I would hold that the motion filed by Walden was actually a Rule 59 motion for a new trial, which was filed more than ten days after the order and was, therefore, untimely.

Rule 60 provides that, in order "to correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Ark. R. Civ. P. 60. It provides exceptions for specific situations in which the court may set aside judgments after the expiration of the ninety-day period, none of which apply here. *Id.*

Rule 59 states that a party may file a written motion for a new trial not more than ten days after the entry of judgment and that a new trial may be granted for any of a number of grounds materially affecting the substantial rights of any party, including that "the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law." Ark. R. Civ. P. 59(a)(6). The rule goes on to state that "[o]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Ark. R. Civ. P. 59(a).

SLIP OPINION

In this case, Walden presented her motion as arising under Rule 60, and the court treated it as such. This is critical because Walden filed her motion on July 31, more than ten days after the entry of the court's July 8, 2015 order. Therefore, we must first determine whether Walden's "Motion to Alter or Amend" was pursuant to Rule 59 or Rule 60 in order to determine whether it was timely filed.

In *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997), our supreme court specifically addressed the issue of whether a circuit court retained jurisdiction to modify a divorce decree based on one party's "motion to reconsider," analyzing whether that motion was made pursuant to Rule 59 or Rule 60. It stated that appellate courts are to look at the substance of such motions "to ascertain what they seek" rather than being "blinded by titles." *Slaton*, 330 Ark. at 293, 956 S.W.2d at 153. Specifically, the supreme court noted that in a previous case, *Jackson v. Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), it had held that, because the motion to vacate rested on the argument that the judgment "is contrary to the facts, public policy and is clearly contrary to the preponderance of the evidence," it was "really a motion for a new trial under Ark. R. Civ. P. 59(a)(6)." *Id.* at 293, 956 S.W.2d at 153. Likewise, in *Slaton*, the court determined that the motion for reconsideration stated that the decision was contrary to the preponderance of the evidence, which is an enumerated ground for a new trial specifically laid out in Rule 59 and that, therefore, the motion was filed pursuant to Rule 59, not Rule 60. *Id.* at 293, 956 S.W.2d at 153.

In *Stickels v. Heckel*, 2009 Ark. App. 829, 370 S.W.3d 857, we relied on *Slaton* in holding that a party's purported Rule 60 motion was, in fact, a motion for new trial under Rule 59 because it argued that the decision had been "incorrect and wholly against the facts." *Stickels*,

6

2009 Ark. App. 829, at 6, 370 S.W.3d at 861. We stated that "Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion," and held that because the motion for reconsideration had been filed more than ten days after the entry of judgment, the circuit court had lacked jurisdiction to enter the subsequent order. *Id.* at 6, 370 S.W.3d at 861.

Here, Walden's motion specifically argued that the court's paternity order was contrary to the law and the facts. She stated that the court had failed to consider the *Huffman* factors and had failed to conduct a best-interest analysis, as required by *Huffman*. She also argued that the court's decision to deny her request for retroactive child support was contrary to Arkansas law and was based on a misapprehension of the evidence (since Jackson had agreed that Walden had repeatedly offered to let him see the child and he had chosen not to). She cannot convert her motion into one under Rule 60 simply by attempting to fit her specific challenges under the more general umbrella of a "miscarriage of justice." We explicitly rejected this approach in *Stickels*. Moreover, the court ultimately granted Walden the exact remedy provided in Rule 59(a), which allows the circuit court to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Here, the court granted Walden a new hearing, at which it placed the burden on Jackson to present new evidence regarding the *Huffman* factors. Therefore, I would reverse and dismiss this appeal because the trial court had no jurisdiction to grant an untimely Rule 59 motion.

*Robin Smith Law Firm, P.A.*, by: *Robin C. Smith*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for appellant.

No response.