

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–16–48

| | |
|---|---|
| JUDITH L. ARNOLD<br>**APPELLANT**<br><br>V.<br><br>JERRY K. ASHWORTH<br>**APPELLEE** | **Opinion Delivered** December 14, 2016<br><br>APPEAL FROM THE NEWTON COUNTY CIRCUIT COURT [NO. CV-2013-018-4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>APPEAL DISMISSED WITH PREJUDICE |

**BRANDON J. HARRISON, Judge**

This appeal was spawned by a dispute between Jerry Ashworth and Judith Arnold over an A-frame cabin in Newton County. On 19 March 2015, after a bench trial, the circuit court entered a judgment in Ashworth's favor. Arnold filed a postjudgment motion on 3 April 2015. In that motion, Arnold argued that the circuit court's decision was clearly contrary to the preponderance of the evidence under Ark. R. Civ. P. 59(a). She asked the court to vacate the judgment, or in the alternative, to modify the judgment and allow her to keep her life estate in the A-frame cabin and award her some money.

On 15 June 2015, the circuit court denied Arnold's motion as untimely under Rule 59(a). It also denied the motion under Rule 60(a), reasoning that "[i]t is not necessary to modify the Judgment previously entered herein to correct errors or mistakes or to prevent

the miscarriage of justice." On June 29, Arnold filed a notice of appeal from the June 15 order.

This appeal has a jurisdictional problem. Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal must be filed within thirty days from the entry of judgment. Rule 4(b) allows the thirty-day period to be extended in certain circumstances, one of which is the timely filing of a motion for a new trial under Rule 59(a). Ark. R. App. P–Civ. 4(b) (2015); *Virgil v. Morgan*, 2013 Ark. App. 675. Arkansas Rule of Civil Procedure 59(b) states that motions for a new trial must be filed no later than ten days after judgment is entered. Because the time period prescribed is less than fourteen days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation. *See* Ark. R. Civ. P. 6(a).

Motions should be liberally construed, but courts should not be blinded by titles. To this end, we must determine the substance of a motion when asking what relief it actually seeks and what rule may apply to it. *Slaton v. Slaton*, 330 Ark. 287, 293, 956 S.W.2d 150, 153 (1997). One example of this principle at work is our supreme court's statement that "Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion." *United S. Assur. Co. v. Beard*, 320 Ark. 115, 119, 894 S.W.2d 948, 950 (1995). In *Jackson v. Ark. Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), our supreme court held that the appeal was untimely because Jackson's "Motion to Vacate Judgment" was in the nature of a motion for a new trial under Rule 59, not a motion "to prevent a miscarriage of justice" under Rule 60, concluding "[w]ere we to interpret the term 'miscarriage of

justice' expansively to embrace all grounds under Rule 59, Rule 59 would have no independent meaning." *Id*. at 573–74, 832 S.W.2d at 225.

Arnold's postjudgment motion is one for a new trial under Rule 59. Because the judgment was entered March 19, the last day Arnold could have timely filed a motion for new trial and therefore extended the original thirty-day deadline to appeal the judgment, was April 2. *Benedict v. Nat'l Bank of Commerce*, 329 Ark. 590, 951 S.W.2d 562 (1997). But her notice of appeal was filed on 29 June 2015, which was more than thirty days after the judgment was entered. Given the untimely notice of appeal, we must dismiss this appeal.

Appeal dismissed with prejudice.

GLADWIN, C.J., and VAUGHT, J., agree.

*Judith L. Arnold*, pro se appellant.

*Davis Law Firm*, by: *Steven B. Davis* and *Nancy L. Mathis*, for appellee.