Joel Mark ROWNAK  v.  Lisa Monette ROWNAK

CA 08-193                                        288 S.W.3d 672

Court of Appeals of Arkansas
Opinion delivered October 8, 2008

*Davis & Associates, P.A.*, by: *Charles E. Davis*, for appellant.

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.*, by: *Larry J. Thompson* and *Jesse J. Reyes*, for appellee.

SAM BIRD, Judge. This case concerns a finding of contempt against appellant Joel Mark Rownak for failing to follow his express agreement with appellee Lisa Monette Rownak, his ex-wife, about the religious upbringing of their two sons. The parties' agreement was approved by the circuit court and set forth in its 2005 divorce decree, which awarded custody of the children to appellant and awarded visitation rights to appellee. The following paragraph of the divorce decree reflects the agreement and the court's approval of it:

Based upon the express agreement of the parties that the minor children be raised in the Protestant faith, the Court orders that each party hereto is enjoined from promoting another religious belief system/faith to the minor children unless both parties should consent.

In November 2006 appellee filed a petition for change of custody or, alternatively, for modification of visitation, and in March 2007 she filed a petition for contempt, alleging that appellant had violated the paragraph of the decree at issue. Both parties presented testimony and evidence in a hearing on the petitions. The court found appellant to be in contempt and, in its written order entered on May 18, 2007, addressed the issue as follows:

[T]he matter is one of contract interpretation if the objective is valid and not void as to public policy or a crime in the state of Arkansas. It is the finding of this Court that parents can agree how to raise their children as to their religious beliefs and training, in this instance, and that such a provision is not void as against public policy in the state of Arkansas and that is does not cause a crime.

Given that finding, the defendant candidly acknowledged that he has promoted the LDS faith to his sons. The plaintiff has not consented to the promotion of that faith to her sons and has objected to its promotion by the defendant.

The court found that appellant had violated the 2005 order "by promoting another religious belief system/faith" to his sons without appellee's consent, and appellant was ordered to "cease all such contemptuous conduct immediately."[1]

Appellant did not file a notice of appeal from the May 18, 2007 order. Instead, on August 2, 2007, he filed a motion for clarification of the term "contemptuous conduct" as used in the May 18 order, or in the alternative, a motion pursuant to Ark. R. Civ. P. 60(a), for modification of the May 18 order to prevent a miscarriage of justice. The alleged miscarriage of justice was the portion of the order enjoining appellant from promoting his

---

[1] Custody was changed to appellee based upon the court's finding of a material change in circumstances, including the factor of appellant's changing his church membership from Southern Baptist to LDS. Appellant does not challenge this finding on appeal.

religious faith to his children. The court denied both motions in an order of August 6, 2007. Appellant raises two points on appeal from the order denying his motions. We affirm the trial court's order.

## Miscarriage of Justice

Appellant's first point on appeal involves Rule 60(a) of the Arkansas Rules of Civil Procedure, which allows a circuit court to prevent the miscarriage of justice by modifying or vacating an order within ninety days after the date it is filed. Appellant contends that the portion of the contempt order that enjoined him from promoting his faith to the parties' children without appellee's consent permitted the miscarriage of justice because it interfered with his First Amendment rights, violated the Establishment Clause of the First Amendment, and violated correlating provisions of the Arkansas Constitution.

Appellee asserts that appellant used Rule 60 to circumvent the thirty-day deadline of Rule 4 of the Arkansas Rules of Appellate Procedure–Civil for appealing the circuit court's order of contempt, entered on May 18, 2007. We find nothing in Rule 60 that would prevent appellant's filing his motion for modification on August 2, 2007, and we do not view this situation as one in which a litigant employed Rule 60 as a ruse to avoid the time constraints of Rule 4. *Cf. United S. Assurance Co. v. Beard*, 320 Ark. 115, 894 S.W.2d 948 (1995) (recognizing that Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion for new trial).

We agree, however, with appellee's argument that the injunction about which appellant complains has for its basis a valid contract between the parties and does not violate appellant's constitutional rights. The circuit court's order merely effectuated the parties' agreement, which was made a part of the divorce decree with the court's approval, regarding the religious upbringing of their children. In its order of contempt, the court found it to be undisputed that appellant had requested that this provision be included in the divorce decree and that appellee had acquiesced in his request. Based upon testimony by appellant's wife, a statement by the president of LDS that was publicized on the church's website, and testimony by appellant, the court found the LDS church not to be a Protestant faith and found that appellant had promoted the LDS faith to his sons. The court noted that appellee

had not consented to appellant's promotion of the faith to them and, indeed, had objected to his promoting it.

■ A miscarriage of justice is a "grossly unfair outcome in a judicial proceeding." *Black's Law Dictionary* 1019 (8th ed. 2004). The circuit court correctly found that parents can agree as a contractual matter about children's religious upbringing and that the parties' agreement enjoining each from promoting a non-Protestant religion to their children unless the other party consented was neither criminal nor void as against public policy. *See Am. Ins. Co. v. Austin*, 178 Ark. 566, 11 S.W.2d 475 (1928) (recognizing the long-held right allowing parties to make their own contract and to fix its terms and conditions, which will be upheld unless illegal or in violation of public policy). In light of the parties' agreement, instigated by appellant, he has failed to demonstrate that the court's order enjoining him from promoting the LDS faith to these children without appellee's consent resulted in an outcome that was grossly unfair. The circuit court did not err in denying appellant's motion to modify its judgment in order to prevent a miscarriage of justice.

### Clarification of Contempt Order

As his second point on appeal, appellant contends that the circuit court's refusal to clarify "contemptuous conduct" relating to the promotion of his religious faith violated his constitutional right to due process of law. His motion to clarify the court's May 18 order of contempt asked the court to state the specific activities it would consider contemptuous by ordering that he "cease all such contemptuous conduct immediately." A memorandum attached to appellant's motion asked whether he would be allowed to do specific things such as display church-related items in his home, read to his sons scriptures from the Book of Mormon, or speak to others about his faith in his children's presence.[2]

On appeal appellant asserts that the record contains no examples of his own specific admissions of promoting the LDS

---

[2] The motion to clarify, filed on August 2, 2007, was permitted under the circuit court's inherent power to correct its decree. *See Abbott v. Abbott*, 79 Ark. App. 413, 90 S.W.3d 10 (2002) (reciting that a trial court has inherent power to correct a decree to accurately reflect the court's original ruling or to interpret its prior decision and that, when its decree is ambiguous, the court has jurisdiction to make changes clarifying what the court originally intended).

faith to his children. He complains that he had not anticipated that his conduct would be considered contemptuous, and he asserts that he was left to interpret the vagueness of the court's order. He concludes that the court's refusal to clarify conduct that it would consider contemptuous in the future was an abuse of discretion.

The circuit court found appellant in contempt of the parties' agreed order after hearing testimony that, without appellee's consent and despite her objections, appellant and his wife promoted the LDS faith to appellant and appellee's sons through scripture reading and daily prayer, appellant involved one of the boys in Boy Scout activities at the LDS church, and one of them had been baptized in the church. Again, it was at appellant's instigation that the decree of divorce included a provision enjoining him from promoting a different faith to his sons without appellee's consent. The circuit court did not abuse its discretion by refusing to clarify specific and future acts that this provision of the parties' contract sought to prevent.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.