2011 Ark. App. 277

**COMBINED HEALTHCARE
FEDERAL CREDIT
UNION, Appellant**

v.

**The ARANDS CORPORATION d/b/a
MR. Mark's Autos, Appellee.**

**No. CA 10–320.**

Court of Appeals of Arkansas.

April 13, 2011.

Joseph E. Churchwell, Phillip M. Clay, Hot Springs, for appellant.

John Thomas Vines, Hot Springs, for appellee.

DOUG MARTIN, Judge.

Appellant Combined Healthcare Federal Credit Union (CHFCU) appeals from the Garland County Circuit Court's denial of its motion to vacate judgment pursuant to Arkansas Rule of Civil Procedure 60. The underlying judgment involved the trial court's denial of appellant's "Motion for Reconsideration or In the Alternative A More Specific Ruling and Letter Brief and Response to Motion for Summary Judgment as Directed," referring to the trial court's previous decision to grant a motion

for summary judgment filed by appellee, The Arands Corp. d/b/a Mr. Mark's Autos (Arands), with respect to the lien status on a vehicle. For the reasons cited herein, we affirm.

A brief recitation of the facts is necessary for a complete understanding of this case. On August 9, 2007, Arands filed a complaint against an individual who had sold Arands a 2000 Lincoln LS automobile and represented that there were no liens on the vehicle. Arands subsequently filed an amended complaint, acknowledging that CHFCU claimed a lien on the ₂vehicle. Between the filing of the original complaint and the amended complaint, CHFCU filed a cross-complaint in replevin, contending that it was a lien holder on the automobile and that Arands was in possession of and unlawfully detaining the vehicle. Thereafter, Arands sought and obtained an order entered April 2, 2009, extinguishing any interest in the vehicle held by two named individuals. The trial court noted, however, that the order did not affect the interests of CHFCU, which was identified as having a potential lien interest in the vehicle, which would be adjudicated at a later date.[1]

On September 21, 2009, Arands moved for summary judgment, alleging that CHFCU had released its lien, as noted on the face of the vehicle's certificate of title dated April 11, 2007, which was attached to Arands's motion along with other supporting documents. CHFCU responded to Arands's motion, denying that Arands was entitled to summary judgment, and submitted documentation in support of the motion. Among other things, CHFCU argued that its lien was never released. Rather, CHFCU maintained that it had filed subsequent liens and security interests contemporaneously with the issuance and payoff of the first and second notes.

In a letter dated October 13, 2009, the trial court informed the parties that it was granting Arands's motion for summary judgment and requested that a precedent be prepared. ₃Three days later, counsel for CHFCU wrote to the judge asking for a hearing, or in the alternative, "a letter" stating all points and findings of law upon which the decision to grant summary judgment was based.

On October 27, 2009, a formal order granting the motion for summary judgment was placed of record. The order provided that CHFCU had released its lien interest in the vehicle by a release on the face of the certificate of title dated April 11, 2007, and that no validly executed lien appeared on the certificate of title after the noted release.

On October 28, 2009, counsel for CHFCU wrote another letter to the judge, noting that the precedent offered by Arands's counsel failed to address three specific issues. CHFCU's counsel concluded his letter by requesting that the trial court state the reasons for its ruling. The court responded on November 3, 2009, by advising counsel that the issues raised in his letter needed to be presented by motion with an accompanying brief.

On December 3, 2009, CHFCU filed a pleading entitled "Motion for Reconsidera-

---

1. The dissent contends that this case must be "dismissed for failure to join all necessary parties or reversed and remanded." The dissenting opinion is premised on a misunderstanding of the basic facts of the case. Barbara Dooley, the nonparty who the dissent argues is a necessary party, was *never* identified as an owner on the certificate of title of the vehicle at issue. Although the dissent represents that Barbara Dooley was listed on the vehicle's title, the record simply does not support such an assertion. As such, the entire premise underlying the dissent's reasoning is fallacious, and the dissenting opinion is, as a result, misguided.

tion or In the Alternative A More Specific Ruling and Letter Brief and Response to Motion for Summary Judgment as Directed." On December 14, 2009, the trial court denied CHFCU's motion on the basis that it was untimely.

On December 22, 2009, CHFCU filed a "Motion to Vacate Under Rule 60," in which CHFCU recounted the events leading up to what CHFCU contended was a miscarriage of justice. CHFCU argued that, in a letter dated October 16, 2009, CHFCU sought a hearing or a letter containing findings in response to the trial court's letter ruling granting Arands's motion for summary judgment on October 13, 2009. On October 22, 2009, CHFCU received a "proposed order" based on the letter ruling, and on October 28, 2009, counsel for CHFCU objected to the proposed order's form and content. CHFCU contended that, based upon the trial court's correspondence dated November 3, 2009, directing CHFCU to submit a motion and brief, as well as the fact that nothing was mentioned in the correspondence about the entry of the order, counsel for CHFCU believed that his objections were well taken and that the trial court had not entered an order pending receipt of CHFCU's motion and brief. CHFCU contended that it was not aware that the order had already been entered on October 27, 2009, and that no file-marked copy of the order had ever been provided until counsel made inquiry at the circuit clerk's office on December 9, 2009. Also, CHFCU argued that the entered precedent contained no provision as to whom the precedent should be distributed and that Arands did not allege in its response that it had distributed a copy of the executed order to counsel for CHFCU. In conclusion, CHFCU maintained that an or-

der under Ark. R. Civ. P. 60 was a proper remedy to rectify a mistake or miscarriage of justice and requested a hearing on its motion. By order entered January 13, 2010, the trial court denied CHFCU's motion to vacate under Rule 60. CHFCU thereafter timely filed its notice of appeal to this court.

Arkansas Rule of Civil Procedure 60 provides that, to correct errors or mistakes or to prevent a miscarriage of justice, the court may modify or vacate a judgment within ninety days of its having been filed with the clerk. *York v. York,* 2010 Ark. App. 343, 374 S.W.3d 827. The decision whether to grant or deny a motion to vacate or set aside a judgment under Rule 60 lies within the trial court's discretion and will not be reversed unless the trial court has abused that discretion. *Toombs v. Toombs,* 2010 Ark. App. 858, 2010 WL 5132006 (citing *Williams v. First Unum Life Ins. Co.,* 358 Ark. 224, 188 S.W.3d 908 (2004)). A miscarriage of justice is a "grossly unfair outcome in a judicial proceeding." *Rownak v. Rownak,* 103 Ark.App. 258, 288 S.W.3d 672 (2008).

According to CHFCU, at almost every step of the proceedings below, the trial court committed errors that culminated with its denial of CHFCU's motion to vacate under Rule 60, resulting in what CHFCU calls "a textbook case of a miscarriage of justice." CHFCU argues that the trial court committed a series of errors involving discretionary matters, including (1) granting Arands's motion for continuance thirteen days before trial; (2) "entering" a one-sentence decision granting summary judgment to Arands; (3) failing to respond to CHFCU's request for findings of fact and conclusions of law;[2] (4) failing

**2.** Arkansas Rule of Civil Procedure 52(a) provides that, if requested by a party at any time

prior to entry of judgment, the court shall find the facts specially and state separately its con-

to set a hearing upon CHFCU's objections to the proposed precedent; and (5) denying CHFCU's motion to vacate under Rule 60. Because CHFCU failed to seek appropriate relief, we affirm.

■ As a preliminary matter, CHFCU asserted in its Rule 60 motion that, "based upon the date of the entry of Order Granting Plaintiff's Motion for Summary Judgment, and no distribution to counsel for Separate Defendant CHFCU, time for appeal has run and the remedy sought herein is the only remedy left." The relief sought by CHFCU in its motion for reconsideration and on appeal—to vacate the entry of summary dismissal—is not appropriate. The remedy for entry of an order for which no notice has been given to a party is an extension of time within which to file, for example, a notice of appeal. *See* Ark. R.App. P.-Civ. 4(b)(3) (directing that, upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, the circuit court shall upon motion filed within 180 days of entry of judgment, decree, or order, extend the time for filing the notice of appeal). CHFCU has never requested such extension of time and instead seeks relief on appeal under the guise of a Rule 60 motion to vacate.

Such is illustrated by the following time line of events in this matter:

Oct. 13, 2009 Letter from judge directing Arands to prepare a precedent granting summary judgment;

Oct. 16, 2009 Letter from CHFCU requesting a hearing or a letter from the judge stating his findings;

Oct. 27, 2009 Order granting summary judgment to Arands;

Oct. 28, 2009 Letter from CHFCU regarding failure to address three issues in the "proposed precedent";

Nov. 3, 2009 Letter from judge advising CHFCU that issues noted in CHFCU's Oct. 28 letter need to be submitted by motion with an accompanying brief;

Dec. 3, 2009 Motion for reconsideration or a more specific ruling;

Dec. 14, 2009 Letter from judge denying motion for reconsideration as untimely;[3]

---

clusions of law. CHFCU timely requested findings in its letter dated October 16, 2009. The trial court's order entered on October 27, 2009, sets forth specific findings and conclusions of law pertaining to the very issues for which CHFCU sought findings. In other words, CHFCU received the relief requested.

With respect to CHFCU's letter dated October 28, 2009, requesting that certain issues be addressed, that request is governed by Ark. R. Civ. P. 52(b), which provides that, upon motion of a party made not later than ten days after entry of judgment, the court *may* amend its findings of fact previously made or make additional findings and may amend the judgment accordingly. It is within the trial court's discretion to make such amended findings. Moreover, CHFCU's letter to the judge is not a motion made pursuant to Rule 52(b), as pointed out by the trial court in correspondence dated November 3, 2009.

Finally, to the extent that CHFCU requested additional findings in its "Motion for Reconsideration or In the Alternative A More Specific Ruling and Letter Brief and Response to Motion for Summary Judgment as Directed," CHFCU's request was untimely and thus waived, given that the motion was not filed until December 3, 2009, which is well beyond the ten-day period prescribed by Rule 52. Failure to make a timely request for separate findings constitutes a waiver of the right to request specific findings. *Davis v. Sheriff*, 2009 Ark. App. 347, 308 S.W.3d 169.

3. The trial court's letter ruling was not reflected by entry of an order of record. Neither party addresses this issue. This court has frequently held that it will not consider arguments not presented before the trial court. *Allstate Ins. Co. v. Dodson*, 2011 Ark. 19, 376 S.W.3d 414 (citing *Gilliam v. Thompson*, 313 Ark. 698, 856 S.W.2d 877 (1993)).

Dec. 22, 2009 Motion to vacate under Rule 60;

Jan. 13, 2010 Order denying motion to vacate; and

Jan. 25, 2010 Notice of appeal from denial of motion to vacate.

Our supreme court has stated that motions should be liberally construed and that courts should not be blinded by titles but should look to the substance of motions to ascertain what they seek. *Stickels v. Heckel,* 2009 Ark. App. 829, 370 S.W.3d 857 (citing *Slaton v. Slaton,* 330 Ark. 287, 293, 956 S.W.2d 150, 153 (1997)). What CHFCU has sought through its various correspondence and motions is a chance to reargue the motion for summary judgment, *i.e.,* a motion for new trial under Arkansas Rule of Civil Procedure 59. Our supreme court has clearly stated that "Rule 60 may not be used to breathe life into an otherwise defunct Rule 59 motion." *United S. Assur. Co. v. Beard,* 320 Ark. 115, 119, 894 S.W.2d 948 (1995).

Although the trial court ruled on the pleadings without the benefit of a hearing, the order granting summary judgment entered on October 27, 2009, makes it abundantly clear that the trial court considered the response and supporting documents provided by CHFCU. The trial court's unfavorable ruling is not a grossly unfair outcome amounting to a miscarriage of justice.

CHFCU failed to seek relief pursuant to Ark. R.App. P.-Civ. 4(b)(3) at the first opportunity upon realizing that an order granting summary judgment had been entered. The motion for reconsideration and subsequent motion to vacate cannot accomplish what CHFCU wants, which is a chance to argue against Arands's motion for summary judgment, from which no appeal has been taken. In any event, CHFCU concedes in its motion to vacate, "On December 14, 2009 the Court *properly* denied Separate Defendant CHFCU's Motion for Reconsideration as untimely." CHFCU's admission effectively waived its challenge to the trial court's denial of the motion for reconsideration, leaving nothing to form the basis for CHFCU's motion to vacate under Rule 60.

Accordingly, we affirm.

PITTMAN, GLADWIN, HOOFMAN, and BROWN, JJ., agree.

HART, J., dissents.

JOSEPHINE LINKER HART, Judge, dissenting.

This case should either be dismissed for failure to join all necessary parties or reversed and remanded. The majority's "brief recitation of the facts" does not allow any understanding of this case, much less a "complete" one.

Appellant Combined Healthcare Federal Credit Union (CHFCU) is the lienholder of a 2000 Lincoln Town Car titled to Barbara Dooley or Yvonne Dooley. Previously, the car was titled solely in the name of Yvonne, with CHFCU also listed as the lienholder. When Barbara acquired an interest in the car, which was again financed by CHFCU, CHFCU released the lien, which was reflected on the front of the superseded title, and established a new lien on the collateral, which was now owned by both Barbara and Yvonne. Both Barbara and Yvonne were obligors on the debt with Barbara being the primary debtor and Yvonne being a guarantor.

Appellee Arands Corporation (Arands) is the parent company of Mr. Mark's Autos. In August 2007, Eric Washington, who had no apparent ownership interest in the car, sold it to Mr. Mark's Autos for $5000. Not surprisingly, Arands experienced some difficulty in getting clear title to the Town Car. It sued Yvonne, Wash-

ington, and CHFCU asking that the lien be cancelled or that its interest in the car be declared superior to all others. Barbara has never been made a party to this case. CHFCU subsequently filed a cross-complaint in replevin. In April 2009, Yvonne and Washington were dismissed from the case, leaving Arands and CHFCU as the only remaining parties.

Arands moved for summary judgment. Attached to its motion was the superseded title document that showed that CHFCU had released the prior lien that it held when the car was titled solely in Yvonne. CHFCU asserted that it still had a valid lien on the current title, which was in Barbara's and Yvonne's names. In its response to Arands's summary-judgment motion, CHFCU attached a document from the Arkansas Department of Finance and Administration showing that it had a valid lien on the car. CHFCU also attached an affidavit from the CEO of CHFCU asserting CHFCU's interest in the collateral. Inexplicably, the trial judge granted summary judgment in favor of Arands, without the hearing that CHFCU had requested.

A proposed precedent was forwarded to CHFCU. CHFCU objected to the order and asked for a hearing, or alternatively, written findings of fact. Unbeknownst to CHFCU, the order was signed by the trial judge and filed of record on October 27, 2009. The next day, CHFCU wrote to the trial judge referencing the proposed order and asked the court to consider three specific issues. The trial judge responded on November 3, 2009, telling CHFCU to put its request in a motion with an accompanying brief. The trial judge never mentioned that he had already signed the order, and neither the trial judge nor the attorney for Arands informed CHFCU that the order had been filed. On December 3, 2009, CHFCU filed its motion. After the time for filing a notice of appeal had lapsed, Arands responded that the trial court no longer had jurisdiction, and the trial court agreed. CHFCU filed a motion to vacate under Rule 60, asserting that the order should be set aside to rectify a mistake and to prevent a miscarriage of justice. The motion was denied and CHFCU appealed.

First, we are obligated by supreme court precedent to decide whether this was a valid judgment because not all necessary parties—Barbara was never made a party—were before the court. As noted previously, Barbara was the title holder and the principal borrower on the car.[4] While the necessary-party issue was not raised by the parties, in at least three cases the supreme court—on its own motion—has found that the trial court failed to join an indispensable party, reversing and remanding the case to the trial court to join the omitted party. *Koonce v. Mitchell,* 341 Ark. 716, 19 S.W.3d 603 (2000); *Yamauchi*

---

4. In the majority's footnote where they attempt to explain why they have evaded this issue, it correctly, though disingenuously, asserts that Barbara Dooley was not identified on "the certificate of title of the vehicle at issue" that was appended to Arands's summary-judgment motion. What the majority fails to mention is that CHFCU presented proof—which I have referred to—that the certificate of title had been superseded and that Barbara Dooley had an ownership interest in the automobile as well as an obligation to pay the loan on the vehicle. It is axiomatic that when a court reviews a summary-judgment motion, it must view the proof in the light most favorable to the party resisting the motion, resolving any doubts and inferences against the moving party. *Ryder v. State Farm Mut. Auto. Ins. Co.,* 371 Ark. 508, 268 S.W.3d 298 (2007); *Acuff v. Bumgarner,* 2009 Ark. App. 854, 371 S.W.3d 709; *Howard v. Adams,* 2009 Ark. App. 621, 332 S.W.3d 24; *Lynn v. Wal–Mart Stores, Inc.,* 102 Ark.App. 65, 280 S.W.3d 574 (2008). The majority does not explain why it is proper in this case to ignore CHFCU's evidence entirely.

*v. Sovran Bank/Central South,* 309 Ark. 532, 832 S.W.2d 241 (1992); *Harrison v. Knott,* 219 Ark. 565, 243 S.W.2d 642 (1951). With Barbara listed as the owner of record of the car, I do not believe that the judgment in this case has given Arands merchantable title in the vehicle. Accordingly, affirming is approving piecemeal litigation.

Assuming, as the majority does, that the court of appeals is not bound to follow supreme court precedent, there is merit to CHFCU's argument. CHFCU contends that this case should be controlled by the provision of Rule 60(a), which gives a trial court authority to modify or vacate a judgment within 90 days of the entry of an order "to prevent the miscarriage of justice." This situation is clearly a miscarriage of justice. It is not disputed that CHFCU was unaware that the proposed order was filed for record without agreeing with the order as to form. Further, correspondence from the trial judge, which did not disclose that the judge had signed the order, essentially misled CHFCU into believing that the order had not yet been entered. Moreover, it is black-letter law that one cannot obtain good title to a chattel from someone who does not own it. Yet, affirming this case means that—in summary judgment—Arands will have cut off CHFCU's interest in the automobile despite the fact that Arands bought it from a third party who presented a superseded title document and CHFCU $\lrcorner_{12}$met Arands's proof with documentation from the Department of Finance and Administration showing that CHFCU was a valid lienholder. This *is* a miscarriage of justice.