Opinion issued April 23, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00343-CV

———————————

In re Tina and Greg Salverson



 



 

On Appeal from the 246th District Court 

Harris County, Texas



Trial Court Case No. 2010-31668

 



 

MEMORANDUM OPINION

Tina and Greg Salverson request
mandamus relief, contending that the trial court erred in striking their
petition to intervene in a SAPCR suit. 
The trial court’s order relies on Texas Family Code section 102.003(12),
which addresses standing to file an original SAPCR petition.  The relators contend that the trial court
should have considered their petition to intervene under Texas Family Code
section 102.004.  Section 102.004(b)
permits “other persons,” such as the Salversons, to intervene in SAPCR
proceedings once such proceedings have begun, if sufficient proof demonstrates
that the intervenors have had substantial contact with the child and the trial
court concludes that placement with the parents would significantly impair the
child’s physical health or emotional development.  We conditionally grant the writ, and direct
the trial court to vacate its March 1, 2012 order and reconsider the
Salverson’s petition to intervene under the intervention rule set forth in
section 102.004(b).

Background

The
Department of Family and Protective Services filed a petition seeking the
emergency protection of D.K.R. and D.R.R., for conservatorship and for
termination of parental rights.  In
December 2010, the trial court appointed DFPS temporary sole managing
conservator of D.K.R.  One month later,
the trial court also appointed DFPS temporary managing conservator of D.K.R.’s
brother, D.R.R., and consolidated the suits. 
In the petition, DFPS alleges that there is immediate danger to the children
and continued placement with the children’s parents would be contrary to the
children’s welfare. 

In
February 2012, Tina and Greg Salverson petitioned to intervene in the suit
under section 102.004(b) of the Family Code and sought conservatorship of the
children.  See Tex. Fam. Code Ann.
§ 102.004(b) (West 2008).  Their petition
maintained that the children had been in their care since October 2011, that their
intervention is necessary to protect their interests, and that it would not
complicate the issues of the case. 

The
respondents (D.R.R. and D.K.R.’s mother and father) moved to strike the
Salverson’s petition to intervene.  At a hearing on the motion, the trial
court heard testimony from Tina Salverson about her contact with the children.  She testified that she and her husband are
“foster-to-adopt parents” and the children were placed in their care on October
14, 2011.  Since the children moved into
their home, the Salversons have enrolled them in school, speech therapy and
physical therapy.  After
the hearing, the trial court granted the respondent’s motion to strike.  The trial court based its order striking the
petition to intervene on Texas Family Code section 102.003(12).  See id.
§ 102.003(12) (West Supp. 2011).  The
Salversons moved to reconsider and, after a second hearing, the trial court denied
the motion.  The trial date for this case
is April 26, 2012. 

Discussion

Standard of review

A writ of mandamus
issues to correct a clear abuse of discretion when no adequate remedy at law exists.
In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  A trial court has no
discretion to apply the law incorrectly.  Walker,
827 S.W.2d. at 840. 

1.   
Abuse
of Discretion

The Salversons contend that the trial court abused its
discretion in striking their petition to intervene.  They contend that the trial court erred in
relying on section 102.003(12), because that the trial court should have
considered their petition to intervene under section 102.004(b), which governs
interventions in a pending case.  

At the trial court hearing, the parents did not dispute that
section 102.004(b) governs intervention in a pending case.  Section 102.003 defines the group of persons
with standing to file an original suit affecting the parent child relationship
(SAPCR). See Tex. Fam. Code Ann. § 102.003.  Section 102.003(12) confers standing to “foster
parent[s] of a child placed by the Department of Family and Protective Services
in the person’s home for at least 12 months ending not more than 90 days
preceding the date of the filing of the petition.”  Id. § 102.003(12).

Section 102.004, however, provides an avenue for foster
parents to participate in a SAPCR apart from filing an original petition.  Under section 102.004, “the court may grant a
grandparent or other person deemed by
the court to have had substantial past contact with the child leave to
intervene in a pending suit filed by a person authorized to do so under this
subchapter if there is satisfactory proof to the court that appointment of a
parent as a sole managing conservator or both parents as joint managing
conservators would significantly impair the child’s physical health or
emotional development.”  Tex. Fam. Code Ann. § 102.004(b) (emphasis
added). 

Therefore, foster parents who do not have standing to file an original SAPCR
requesting possessory conservatorship may nonetheless intervene in a SAPCR
proceeding under section 102.004(b) upon sufficient proof. In re A.M., 60 S.W.3d 166, 169 (Tex. App.—Houston [1st Dist.] 2001,
no pet.) (recognizing that intervening in existing suit and filing original
suit are distinct legal actions and applying section 102.004(b) to foster
parent’s motion to intervene in suit originally filed by DFPS).  The legislature created this distinction
because it “decided the overriding concern for the best interest of the child
when a termination suit is already pending is greater than the concern for the
privacy of the parties.”  Id. at 169.  In so doing, the legislature recognized a
“relaxed standing rule for intervention.” 
Id. 

In this case, the trial court did not consider the
Salverson’s petition to intervene under the proper statute.  The trial court based its ruling on section
102.003(12), which addresses standing to file an original SAPCR petition. See Tex.
Fam. Code Ann. § 102.003(12).  The
trial court should have considered their motion to intervene under section
102.004(b), which governs standing to intervene in existing proceedings. See id. § 102.004(b); see also In re A.M., 60
S.W.3d at 169.  The trial court’s failure
to apply the law correctly satisfies the first requirement for mandamus relief.
 See
In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex. 2010)
(orig. proceeding) (“A trial court abuses its discretion when it fails to analyze
or apply the law correctly.”); see also
In re Mabray, 355 S.W.3d 16, 22 (Tex.
App.—Houston [1st Dist.] 2010, orig. proceeding) (trial court abuses its
discretion occurs when it reaches decision amounting to a clear and prejudicial
error of law).

2.   
Adequate Remedy

Having concluded that
the trial court erred in striking the petition to intervene based on lack of
standing under section 102.003(12), we now turn to whether the Salversons lack
an adequate appellate remedy.

Mandamus review may be essential to: (1) preserve a relator’s
substantive or procedural rights from impairment or loss; (2) allow appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in an appeal from a final judgment; and (3) prevent the waste of
public and private resources invested into proceedings that would eventually be
reversed.  In re Prudential, 148
S.W.3d at 136.  Thus, the Texas Supreme
Court has applied a balancing test to determine whether there an adequate
remedy on appeal exists.  See id. “An
appellate remedy is ‘adequate’ when any benefits to mandamus review are
outweighed by the detriments.” Id.  

Three reasons counsel in favor of concluding that mandamus
is appropriate in this context.  First,
the Texas Supreme Court has granted mandamus relief when a
trial court abused its discretion by erroneously denying a motion to strike a
petition in intervention. See In re Union
Carbide Corp., 273 S.W.3d 152, 156–57 (Tex. 2008) (orig. proceeding) (per
curiam); see also In re O’Quinn, 355 S.W.3d 857, 861–62
(Tex. App.—Houston [1st Dist.] 2011, orig. proceeding).   Second, although this Court has not
directly addressed the matter[1],
other courts of appeals have held that a party lacks an adequate appellate
remedy when a trial court abuses its discretion in ruling on a motion to intervene
in a SAPCR. See e.g. In re Chester,
No. 04-11-00758-CV, 2011 WL 6793696, at *2, — S.W.3d — (Tex. App.—San Antonio,
Dec. 28, 2011, orig. proceeding) (granting mandamus where trial court struck
grandmother’s petition to intervene); In
re Lewis, 357 S.W.3d 396, 402–03 (Tex. App.—Fort Worth 2011, orig.
proceeding) (holding mother lacked adequate remedy by appeal from trial court’s
order granting maternal grandparents’ petition to intervene); In re S.B., No. 02-11-00081-CV, 2011 WL
856963, at * 3 (Tex. App.—Fort Worth, Mar. 11, 2011, orig. proceeding)
(relators lacked an adequate remedy by appeal from trial court’s order striking
intervention).  Third, the Texas
Supreme Court has recognized that, in the context of custody disputes,
“[j]ustice demands a speedy resolution,” and appeal is frequently inadequate to
protect the rights of parents and children. In
re Tex. Dep’t of Family & Protective
Servs., 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (quoting Proffer v. Yates, 734 S.W.2d 671, 673
(Tex. 1987)).  

Apart from these reasons, mandamus relief is appropriate in
this case to preserve the Salverson’s substantive rights.  In the absence of mandamus relief, the Salversons
must rely on DFPS to preserve their interests as “foster to adopt”
parents.  While DFPS and the Salveron’s
interests may align now, there is no guarantee that the parties will continue
to assert the same positions at trial. 
Further, issuing the writ in this case will prevent the waste of public
and private resources invested into proceedings that would eventually be subject
to certain reversal on the basis that the trial court did not consider the
Salverson’s petition under the correct section of the Family Code. 




 

Conclusion

We grant mandamus relief and direct the trial court to vacate
its March 1, 2012 order, and to consider the Salverson’s motion to
intervene under the Family Code’s relaxed standard for intervention set forth
under section 102.004(b).  We lift the
stay of the trial court proceedings and deny all pending motions as moot.

 

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]
This
Court has considered a writ of mandamus from a trial court’s order striking a
petition to intervene in a SAPCR.  In re Northrop, 308 S.W.3d 172 (Tex.
App.—Houston [1st Dist.] 2009, orig. proceeding).  In that case, the Court declined to issue the
writ, because it concluded that the trial court did not abuse its discretion in
denying the petition to intervene.  See id. at 176–77.   Accordingly, the Court did not reach the
issue of whether the relator had an adequate appellate remedy.