SLIP OPINION



Cite as 2015 Ark. App. 451

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-1064

| | |
|---|---|
| KENDRA DAVENPORT COTTON<br><br>APPELLANT<br><br>V.<br><br>HELEN ROBINSON<br><br>APPELLEE | **Opinion Delivered** September 9, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION [NO. 60PR-13-2121]<br><br>HONORABLE COLLINS KILGORE, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Kendra Cotton, pro se, appeals from the circuit court's denial of her motion to vacate. We affirm.

On October 28, 2013, Cotton filed an affidavit for collection of a small estate by distributees with the Pulaski County Circuit Court. In it, Cotton claimed to be the granddaughter and only heir of Arizona Robinson (hereinafter "Arizona"), and requested that she be declared an heir to his estate. Helen Robinson (the niece of Arizona Robinson and hereinafter "Helen") filed a motion for declaratory relief on February 28, 2014, asking the court to declare Cotton's affidavit insufficient to meet the requirements of Arkansas Code Annotated section 28-41-101. She asserted that Cotton's affidavit failed to state names and addresses of anyone having possession of the personal property and that Cotton failed to list the individuals entitled to receive the property as was required by the statute. Helen also

SLIP OPINION

asserted in her motion that Cotton was not a proper recipient of the estate and that Cotton falsely claimed to be Arizona's grandchild and only heir. Helen requested that the court order Cotton to return the property of the estate of which she had taken possession; she requested attorney's fees and costs as well.

In her pro se response to Helen's motion, Cotton filed an affidavit on April 9, 2014. In it, Cotton requested that Helen's motion be denied and dismissed. Cotton stated in her affidavit that she improperly filed her motion in Arkansas; however, Cotton did not withdraw her affidavit or rescind her request to be named as an heir. Cotton was not present at the April 22, 2014 hearing but instead faxed a letter to the court requesting that she be excused because she was unable to travel from North Carolina to Arkansas for financial reasons.

At the hearing, Helen testified as to who the heirs of the estate were, and presented evidence that four similar affidavits had been filed by Cotton's family members and that none of the individuals claiming the estate had been named heirs.

On July 2, 2014, the circuit court issued an order granting Helen's motion for declaratory relief and finding that Cotton was not an heir to the estate of Arizona, that Cotton's affidavit was improperly executed and therefore void, and that she was not entitled to collect from Arizona's estate. Cotton was further ordered to file an accounting of the property of the estate she possessed, or, in the alternative, to present proof that the property is still in the possession of the proper custodian. Cotton was ordered to return to the custodian any property belonging to the estate if she was in possession of such property. The court ordered Cotton to submit the name, address, and phone number of the custodian of any

property of the estate and to pay attorney's fees in the amount of $2000.

On July 29, 2014, Cotton filed a motion for relief from the circuit court's decision. In her brief, she argued that under Rule 60 of the Arkansas Rules of Civil Procedure the circuit court's decision to grant Helen's motion for declaratory relief should be vacated as an error resulting in the miscarriage of justice. Cotton also asserted in her brief for the first time that Helen had no standing to challenge her request to be declared an heir.[1] Lastly, Cotton requested that the court set aside the award of attorney's fees.

Helen filed a response, arguing that no error resulting in the miscarriage of justice had occurred, that Cotton was simply reiterating her original argument, and that Cotton was mistakenly, and for the first time, raising the issue of standing.[2] Helen also filed a separate motion requesting that the court hold Cotton in contempt for not complying with its July 2, 2014 order.

After a hearing on the matter, the court denied Cotton's motion to vacate. From the bench, the court stated that it agreed with Helen's argument that Cotton was rearguing the merits of the case and that application of Rule 60 was not proper. The court also denied Helen's petition to hold Cotton in contempt. A written order denying both parties' motions was entered on August 26, 2014. On September 15, 2014, Cotton filed a notice of appeal.

---

[1]In her original response to Helen's motion for declaratory relief, Cotton stated that Helen was not an heir but did not elaborate on the meaning of that statement, nor did Cotton make an argument about Helen's standing at that time.

[2]The circuit court did not address the issue of standing or whether Cotton could raise the issue for the first time in her motion to vacate. Cotton did not request a ruling on the issue. An appellant may not change the basis for his or her arguments or raise issues for the first time on appeal. *Allen v. Allison*, 356 Ark. 403, 414, 155 S.W.3d 682, 690 (2004).



## I. Standard of Review

We review probate matters de novo on appeal. *Helena Reg'l Med. Ctr. v. Wilson*, 362 Ark. 117, 122, 207 S.W.3d 541, 543 (2005). It is within the discretion of the circuit court to determine whether it has jurisdiction under Rule 60 to set aside a judgment, and the question on appeal becomes whether there has been an abuse of that discretion. *Watson v. Connors*, 372 Ark. 56, 57, 270 S.W.3d 826, 828 (2008). In an appellate court's review of a circuit court's order to determine whether there has been an abuse of discretion, the appellate court will not substitute its own decision for that of the circuit court but will merely review the case to see whether the decision was within the latitude of decisions that a judge or court could make in a case. *Scales v. Vaden*, 2010 Ark. App. 418, 376 S.W.3d 471.

## II. Notice of Appeal

First, we must address an issue with the notice of appeal. Cotton filed a notice of appeal on September 15, 2014. In it Cotton attempted to bootstrap an appeal of the July 2, 2014 order to the August 25, 2014 order by improperly combining the two in her designation of the order she intended to appeal:

> Cotton hereby tenders notice of her intent to appeal, pursuant to her statutory right, from the Court's Order Denying Respondent's Motion for Relief from order Dated July 2, 2014 submitted under Arkansas Rule of Civil Procedure 60(d), (h), (i) and (j). The order denying relief that gives rise to this notice was filed on August 26, 2014.

However, Arkansas Rule of Appellate Procedure–Civil 4 sets forth: "'Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree or order appealed from." Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court,

SLIP OPINION

and absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Rose v. Rose*, 2013 Ark. App. 256 at 9, 427 S.W.3d 698, 704. Cotton failed to file a notice appeal from the July 2, 2014 order within thirty days as is required by Rule 4; therefore our review is limited to the August 25, 2014 denial of her motion for relief. We decline to address any issues relating only to the July order for lack of compliance with Rule 4.

### III. Rule 60

We now turn to Cotton's argument that she was entitled to Rule 60 relief. Arkansas Rule of Civil Procedure 60 provides that, to correct errors or mistakes or to prevent a miscarriage of justice, the court may modify or vacate a judgment within ninety days of its having been filed with the clerk. *York v. York*, 2010 Ark. App. 343, 374 S.W.3d 827. A miscarriage of justice is a "grossly unfair outcome in a judicial proceeding." *Rownak v. Rownak*, 103 Ark. App. 258, 288 S.W.3d 672 (2008). A circuit court has broad authority to correct nonclerical mistakes or errors so as to prevent the miscarriage of justice if the court does so within ninety days of the filing of its decree or order. *Lord v. Mazzanti*, 339 Ark. 25, 29–30, 2 S.W.3d 76, 79 (1999).

In her motion and at the hearing, Cotton failed to demonstrate any error and simply reargued the evidence, stating that the order was "without any evidentiary basis" and was "contrary to law." Specifically, Cotton argued that there was insufficient evidence such that the court could declare that she was not an heir, that she had never taken possession of any of Arizona's estate, and that Helen was not entitled to attorney's fees because it was not clear

5

that she was the prevailing party.

What Cotton sought through her motion to vacate was a chance to reargue the merits of her case. Therefore, we find no error in the circuit court's order denying Cotton's motion to vacate, and we affirm.

IV. Attorney Fees

When an appellant fails to appeal from the order granting attorney's fees, either by a separate notice of appeal or by designating it in the notice of appeal that they filed, we will not address the issue because it is not properly before the court. *See Entertainer, Inc. v. Duffy*, 2012 Ark. 202 at 7, 407 S.W.3d 514, 519.  The issue is not preserved for review because Cotton did not file an effective notice of appeal from the order awarding fees. Therefore, we do not address the issue of attorney's fees.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Kendra D. Cotton*, pro se appellant.

*Sprinkle Firm*, by: *Maximillan R. X. Sprinkle, Esq.*, for appellee.