Cite as 2024 Ark. App. 512

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-363

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 23, 2024 |
| ANDREW SIMPSON | | |
| | APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CV-21-86] |
| V. | | |
| | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| CARL DAVIS D/B/A DAVIS CONSTRUCTION CO.; THOMAS J. VILSACK, IN HIS OFFICIAL CAPACITY AS SECRETARY OF AGRICULTURE; AND TOMMIE JAMES, IN HIS OFFICIAL CAPACITY AS AREA DIRECTOR OF THE MONTICELLO, ARKANSAS AREA OFFICE OF THE USDA RURAL DEVELOPMENT AGENCY | | |
| | APPELLEES | AFFIRMED; MOTION MOOT |

## KENNETH S. HIXSON, Judge

Pro se appellant Andrew Simpson (Simpson) appeals after the Ashley County Circuit Court filed an order granting summary judgment on January 31, 2023, in favor of appellees Carl Davis D/B/A Davis Construction Co. (Davis); Thomas J. Vilsack, in his official capacity as secretary of agriculture (Vilsack); and Tommie James, in his official capacity as area director of the Monticello, Arkansas, Area Office of the USDA Rural Development Agency (James). On appeal, Simpson argues the following points: (1) the circuit court erred when it proceeded with the January 23, 2023, hearing without granting him access to an attorney to

represent him; (2) the circuit court lacked jurisdiction to proceed with this case because it was removed to federal court; (3) the circuit court erred in denying his motion for relief from judgment and motion for reconsideration based on fraud; and (4) the circuit court erred in failing to allow him to rescind the contract. We affirm the circuit court's order granting summary judgment.[1]

## I. *Relevant Facts*

This case stems from the breach of a construction contract. It is undisputed that Simpson contracted with Davis for the construction of his home, which was financed and monitored by the Monticello, Arkansas, Area Office of the USDA Rural Development Agency (USDA Rural Development). That contract required USDA Rural Development to make partial payments to Simpson after periodic inspections and work completed consistent with the terms of the contract.[2] After it was determined that Davis had completed 84 percent of the project, Simpson refused to agree to the required partial payment, canceled the contract, and informed USDA Rural Development that he would act for himself as a

---

[1]After all appellate briefs were filed, on September 25, 2024, Simpson filed a pro se emergency motion for accelerated proceedings and writ of certiorari to complete the record with this court. This motion was passed to the panel for disposition when the case was submitted. In his motion, Simpson essentially asks this court to expedite our disposition of his appeal. Because we hand down this opinion affirming on appeal, appellant's motion is moot.

[2]It is unclear from the record whether USDA Rural Development periodic checks were made payable to Simpson and Davis jointly or were issued only to Simpson or only to Davis. However, it is clear from the record that Simpson did not allow Davis to receive the $35,596.50 proceeds from the periodic payment representing 84 percent completion.

contractor. Thereafter, USDA Rural Development sent Simpson a letter explaining its conclusion that the work was satisfactorily done and that the project was 84 percent complete. It included a check to pay Davis for the completed work and requested that Simpson endorse the check and forward it to Davis.[3]

After Simpson refused to endorse the check, USDA Rural Development deposited the $35,596.50 disputed funds into an escrow account. On July 7, 2021, Davis filed a complaint for breach of contract and requested that the disputed funds held in escrow be interpled and deposited into the registry of the court by Vilsack and James (hereinafter collectively the Government Defendants).

In his complaint, Davis alleged that he performed his obligations as required under the attached contract, but Simpson refused to pay him for the work performed as required. Accordingly, Davis prayed for an order requiring the Government Defendants to interplead $35,021.50 plus interest into the registry of the court; finding Simpson breached the construction contract; awarding Davis compensation for his performance on the contract and punitive damages for Simpson's bad faith breach of contract; and awarding Davis attorney's fees and costs.

Simpson filed an answer to the complaint on August 23, 2021. He generally denied the allegations that Davis was entitled to relief and requested that the complaint be

---

[3]Again, as in footnote 2, it is unclear why Simpson would be required to endorse a check payable to "Carl Davis/Davis Construction." However, it is clear that Davis did not receive the $35,596.50 periodic payment representing 84 percent completion.

dismissed. The Government Defendants also filed an answer to the complaint on September 13, 2021. Although they admitted that Simpson had refused to approve the $35,021.50 payment to Davis, they also admitted that the funds were held in a "Supervised Bank Account." Accordingly, the Government Defendants requested that the complaint be dismissed against them.

Simpson additionally filed a counterclaim against Davis and a cross-claim against the Government Defendants on September 28, 2021. Simpson alleged that Davis had failed to complete the house as agreed. He further alleged that the Government Defendants had released funds without his approval and failed to abide by their own regulations. Simpson sought a judgment against Davis for the funds received in excess of the funds to which Davis was entitled and a judgment against the Government Defendants for his "actual damages" and damages for his "pain, suffering and mental anguish."

Davis filed a motion to dismiss and, alternatively, an answer to Simpson's counterclaim on October 7, 2021. Davis argued that the counterclaim failed to plead facts sufficient to state a claim for relief and generally denied the allegations that Simpson was entitled to any relief. Davis asked that the counterclaim be denied and dismissed.

Thereafter, on October 22, 2021, the Government Defendants filed a notice of removal of the action to federal court. Nothing was filed with the circuit court until after the United States District Court for the Western District of Arkansas dismissed all claims

4

against the Government Defendants and remanded Davis and Simpson's contract claims and counterclaims against one another to the circuit court on March 15, 2022.[4]

After the case involving Davis had been returned to the circuit court, Davis moved for summary judgment on May 2, 2022. In his motion, Davis argued that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. He explained that the parties agreed in writing that Simpson would pay a sum based on the percentage of work satisfactorily completed; USDA Rural Development certified that Davis had satisfactorily completed 84 percent of the project, entitling Davis to a partial payment of $35,021.50; and USDA Rural Development released the funds for payment, but Simpson blocked the payment. Therefore, Davis requested that the circuit court order the funds to be delivered to him and that Simpson be ordered to pay his attorney's fees and costs.

In addition to the contracts and other attached documents, Davis filed an affidavit wherein he and Robert Green were the affiants. Davis averred that he had completed 84 percent of the project and that USDA Rural Development had reviewed and approved of his work. He further explained that Simpson had no complaints about the work until after he had requested the third partial payment in the amount of $35,021.50 for the work completed. At that time, Simpson requested a change in materials and design, and when Davis stated that he could not accommodate the change without delays and USDA Rural

---

[4]However, to complicate the procedural morass, Simpson appealed the dismissal of his claims against the Government Defendants to the United States Court of Appeals for the Eighth Circuit while the remanded case against Davis matriculated through circuit court.

Development's approval, Simpson became angry and canceled the contract. Green averred that he completed the plumbing at Simpson's home. He stated that Davis's "work on the Simpson residential construction contract was workmanlike, showed skill and attention to detail, and conformed to USDA rules and regulations for the construction of single-family low-income residences and with the blueprint and architectural design for the Simpson construction contract."

Simpson did not file any response to the motion for summary judgment.

In response to the circuit court's letter requesting a status report regarding the federal case, Davis wrote a letter to the circuit court explaining that Simpson had appealed the United States District Court's decision to the United States Court of Appeals for the Eighth Circuit (Eighth Circuit). He attached orders from the Eighth Circuit dismissing Simpson's appeal, issuing the mandate, and denying Simpson's motion to stay the mandate. Thereafter, the circuit court set a hearing on all pending motions for January 23, 2023.

At the hearing, there was an initial discussion regarding the status of the federal case and whether the circuit court had jurisdiction to proceed. Simpson explained that he had filed a petition for writ of certiorari to the Supreme Court of the United States to appeal the Eighth Circuit's denial of his motion for stay, and a notice of appeal was introduced to that effect without objection. Regardless, no documentation was presented that any order was in effect staying the circuit court's jurisdiction, and the Eighth Circuit had dismissed Simpson's appeal and denied his motion for stay. Accordingly, the circuit court found that it had proper jurisdiction because the case had been remanded back to the circuit court to proceed.

Simpson also complained that he did not think it was proper to proceed without the court providing him an attorney. The circuit court acknowledged that the right to an attorney applies in a criminal proceeding, but it explained that the case before it was a civil proceeding. Accordingly, the circuit court found that the fact Simpson did not have current counsel did not prevent it from proceeding with the hearing on the motion for summary judgment. Simpson conceded that he did not have "any response or any proof to contest the allegations in the motion for summary judgment." Thus, the circuit court orally ruled that it was granting the motion for summary judgment. It further agreed that Davis was entitled to reasonable attorney's fees and instructed Davis to file a separate motion with a supporting affidavit itemizing what fees and costs were recoverable.

After the hearing, Davis filed his motion for attorney's fees and costs with incorporated brief on January 24, 2023, in accordance with the circuit court's ruling. He requested that the circuit court award him attorney's fees in the amount of $6,631.25 and costs in the amount of $198.45. Simpson did not file any response or objection to this motion.

The circuit court filed its order granting Davis's motion for summary judgment on January 31, 2023. After considering the record, it concluded that Simpson was required by the terms of the contract to pay Davis $35,021.50 for the work performed. The circuit court further noted that Simpson did not dispute that he was served copies of the motion for summary judgment and attached exhibits. Simpson further did not dispute the merits of the motion for summary judgment. The circuit court stated that Simpson instead argued

that the motion should have been denied because the case is on appeal to the United States Supreme Court and because he was entitled to appointed counsel before responding to the court's questions. The circuit court denied Simpson's request on both grounds. Accordingly, the circuit court ordered the following:

1.      [Davis's] Motion for Summary Judgment is GRANTED.

2.      [Simpson] is directed to pay [Davis] the sums awarded or to endorse and forward to [Davis] the Escrow Check previously forwarded to him by Rural Development.

3.      If [Simpson] fails or refuses to provide payment as directed above, [Davis] is directed to provide a copy of this order to the Monticello Area Office of the USDA Rural Development Agency, and, if necessary, initiate an action to interplead the escrowed funds.

4.      ALL other claims or defenses are hereby DISMISSED WITH PREJUDICE.

5.      [Davis] is awarded [$]6631.25 in attorney fees and reimbursed [$]194.45 in costs.

Simpson timely filed his notice of appeal from that order on March 2, 2023, and this appeal followed.

We note that this court granted Simpson's motion to file a supplemental record after his record had been timely lodged with this court because he contended that the supplemental record was pertinent to his appeal. According to the supplemental record, Simpson filed a motion for relief from judgment pursuant to Arkansas Rule of Civil Procedure 60 on May 19, 2023, in which Simpson argued that the order granting summary judgment should be reversed on the basis of fraud and that he should be awarded $41,631.25

8

in damages. The circuit court denied Simpson's motion on June 23, 2023. Three days later, Simpson filed a motion for reconsideration on June 26, 2023. The circuit court denied Simpson's motion for reconsideration on July 19, 2023. Appellant did not file a notice of appeal from either order.

II. *Whether the Circuit Court Erred When It Proceeded with the January 23, 2023, Hearing Without Simpson Having an Attorney*

On appeal, Simpson first argues that the circuit court erred when it proceeded with the January 23, 2023, hearing without granting him access to an attorney to represent him. However, Simpson fails to offer any persuasive legal argument or citation to legal authority in support of his argument that he was entitled to an attorney in this civil proceeding. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Thigpen v. City of El Dorado*, 2020 Ark. App. 531. It is also a well-settled principle of appellate law that we will not make a party's argument for him or her. *Thigpen, supra*; *see Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150; *Nelson v. Fullerton*, 2023 Ark. App. 311. Accordingly, we affirm on this point.

III. *Whether the Circuit Court Lacked Jurisdiction*

Simpson next argues that the circuit court lacked jurisdiction to proceed with this case because it had been removed to federal court. Simpson argues in a conclusory and unconvincing manner that pursuant to Arkansas Rule of Civil Procedure 54(b), the Eighth Circuit was required to serve a "Certified Remand Letter" in the format provided in the rule. It is clear that Simpson is confused because that rule has no application to the Eighth Circuit

9

or the facts of this case. Like his first point, appellant fails to offer any persuasive legal argument or citation to legal authority in support of his argument that the circuit court lacked jurisdiction, and we must affirm. *See Thigpen, supra; Mann, supra; Nelson, supra.*

IV. *Whether the Circuit Court Erred in Denying Simpson's Motion for Relief from Judgment and Motion for Reconsideration Based on Fraud*

For his third point, Simpson argues that the circuit court erred in denying his motion for relief from judgment and motion for reconsideration based on fraud. However, we are precluded from addressing the merits of Simpson's argument. Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal. *Cotton v. Robinson*, 2015 Ark. App. 451. Generally, absent an exception that is not applicable under these facts, a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Ark. R. App. P.–Civ. 4(a). Although Simpson timely filed his notice of appeal from the order granting summary judgment filed on January 31, 2023, Simpson failed to file a notice of appeal from either the circuit court's June 31, 2023, order denying his motion for relief from judgment or the circuit court's July 19, 2023, order denying his motion for reconsideration. Accordingly, this court lacks jurisdiction to address any issues relating to those orders. *See U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003); *Wilson v. Ark. State Highway Comm'n*, 2014 Ark. App. 130; *Cotton, supra.*

V. *Whether the Circuit Court Erred in Failing to Allow Simpson to Rescind the Contract*

10

Simpson's last argument is that the circuit court erred in failing to allow him to rescind the contract. However, a review of the record reveals that Simpson failed to argue or assert to the circuit court that he was entitled to rescind the contract at any point. In fact, at the hearing, Simpson conceded that he did not have "any response or any proof to contest the allegations in the motion for summary judgment." It is well settled that we will not address arguments raised for the first time on appeal. *Jones v. Pro. Background Screening Ass'n, Inc.*, 2020 Ark. 362, 610 S.W.3d 640. As such, we must affirm the circuit court's order granting summary judgment.

Affirmed; motion moot.

ABRAMSON and VIRDEN, JJ., agree.

*Andrew Simpson*, pro se appellant.

One brief only.